In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-01078-CR
____________

VINCENT CRAIG CAULEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 879594 




O P I N I O NA jury found appellant, Vincent Craig Cauley, guilty of possession of a
controlled substance, namely cocaine, weighing more than 4 grams and less than 200
grams, enhanced with two prior felony convictions, and assessed punishment at 25
years’ confinement. In his sole point of error, appellant contends that the trial court
erred in denying his motion to suppress evidence. We affirm.
Background
          Officer R. C. Price received a burglary in progress call from the Houston Police
Department dispatcher. When he arrived at the scene, Officer Price saw that a
window had been broken out of apartment 213. Rafeal Valdespino, a man who had
been doing repairs in apartment 209, saw Officer Price and directed him to apartment
209. Officer Price walked into apartment 209 where another man had been
shampooing the carpet. This man pointed toward the back of the apartment. Officer
Price went to the back of the apartment and saw appellant lying on the concrete in the
patio area. Appellant’s shirt was unbuttoned, he was rolling around and waving, his
right fist was bloody, and he had minor scrapes. Officer Price determined that
appellant needed medical treatment and called for an ambulance. 
          Officer R.R. Ruth arrived at the scene and saw appellant sitting on the concrete
floor of the patio. Appellant appeared disoriented and was mumbling incoherently.
          Before appellant was loaded into the ambulance, Officer Price patted him down
and checked his pockets for weapons and contraband. Officer Price testified that he
considered appellant under arrest at this point. Officer Price saw a plastic baggie
hanging out of appellant’s pocket and pulled it out. It contained a white powdery
substance. 
          Later tests revealed that the contents of the baggie contained 75.9 percent pure
cocaine and weighed 17.5 grams.Analysis
          In his sole point of error, appellant contends that the trial court erred in denying
his motion to suppress evidence. To preserve error for appeal, appellant was required
to make a timely, specific objection at the earliest possible opportunity. Goldberg v.
State, 95 S.W.3d 345, 368 (Tex. App.—Houston [1st Dist.] 2002, no pet.)(citing
Penry v. State, 903 S.W.2d 715, 763 (Tex. Crim. App. 1995)). Failure to object in a
timely and specific manner during trial forfeits complaints about the admissibility of
evidence. Saldano v. State, 70 S.W.3d 873, 899 (Tex. Crim. App. 2002). This is true
even though the error may concern a constitutional right of the defendant. Id. 
          Officer Ruth testified, without objection, that he saw Officer Price pull a baggie
filled with a white substance out of appellant’s pocket. He also testified, without
objection, that he took the baggie from Officer Price, that he conducted a field test on
the substance, and that the test revealed that the substance was cocaine. He then
handed the baggie back to Officer Price. Valdespino also testified, without objection,
that he saw the officer take a “little plastic bag, white, from his [appellant’s] pants.” 
          Later, during Officer Price’s testimony, defense counsel stated that he wanted
to make a motion to suppress evidence and requested the opportunity to question
Officer Price on voir dire outside the presence of the jury. The trial court refused to
dismiss the jury because the jury had already heard several witnesses testify that
Officer Price had pulled a baggie containing a white substance out of appellant’s
pocket. However, the trial court ruled that defense counsel could develop the
evidence showing that the search was illegal. Defense counsel stated that he would
develop the evidence on cross-examination. 
          Officer Price then testified, without objection, that he saw a plastic baggie
hanging out of appellant’s left pocket; that he pulled the baggie out of the pocket and
that the baggie contained a white powdery substance. Officer Price gave the baggie
to Officer Ruth, who in turn conducted a field test on the substance. After cross-examining Officer Price, defense counsel made an oral motion to suppress evidence
alleging that the search of appellant’s pocket was illegal. The court denied the
motion. 
          Appellant did not file a pretrial motion to suppress the cocaine or otherwise
challenge the search that yielded it, before trial commenced. Consequently, in order
to preserve error, it was incumbent upon appellant to object before the court received
substantial testimony about the cocaine. Stults v. State, 23 S.W.3d 198, 206 (Tex.
App.—Houston [14th Dist.] 2000, pet. ref’d). Defense counsel did not object to the
admission of evidence about the cocaine until after Officer Ruth and another witness
had made repeated references to the cocaine, giving substantial testimony about it. 
By failing to object in a timely fashion, appellant failed to preserve error on this
point. Id. 
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Adele Hedges
                                                                        Justice
Panel consists of Justices Hedges, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).